## IN THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION - CHICAGO, ILLINOIS

| | |
|---|---|
| VIRGINIA MCMILLAN, ) | |
| ) | Case No. 18-cv-06386 |
| Plaintiff, ) | |
| v. ) | |
| ) | Judge: Honorable Virginia M. Kendall |
| BMO HARRIS BANK N.A., ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## **DEFENDANT BMO HARRIS BANK N.A.'s**

## **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES defendant, BMO Harris Bank N.A., by their in-house attorney, and hereby files its Motion to Dismiss Plaintiff's Complaint for failing to state a claim, as fully set forth in their Memorandum of Law in Support of Defendants' Motion to Dismiss. Defendants respectfully request that this Court grant this motion in their favor and dismiss the case with prejudice in its entirety.

Respectfully submitted,

BMO HARRIS BANK N.A.

By: /s/ Jeffrey E. Jamison
Senior Counsel
BMO HARRIS BANK N.A.
111 W. Monroe, 19th Floor
Chicago, Illinois 60603
312-461-4694
Jeffrey.jamison@bmo.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the aforementioned document was filed through the Court's CM/ECF system on October 5, 2018 Parties of record may obtain a copy through the Court's CM/ECF system. The undersigned certifies that no party of record requires service of documents through any means other than the CM/ECF system.

/s/ Jeffrey E. Jamison

**IN THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION - CHICAGO, ILLINOIS**

| | |
|---|---|
| VIRGINIA MCMILLAN, )<br>  )<br>  Plaintiff, )<br>v. )<br>  )<br>BMO HARRIS BANK N.A., )<br>  )<br>  Defendant. )<br>_____ | Case No. 18-cv-06386<br><br>Judge: Honorable Virginia M. Kendall |

**DEFENDANT BMO HARRIS BANK N.A.'s MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, BMO Harris Bank N.A., ("BMO Harris") by its counsel, submits the following Memorandum in Support of its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint filed by Plaintiff, Virginia McMillan ("Plaintiff").

**INTRODUCTION**

As Plaintiff concedes in her Complaint, this action arises out of an open-ended home equity line of credit loan between Plaintiff BMO Harris Bank. (Compl. ¶ 5.) The fact that the loan in question was an open-ended home equity line of credit dooms Plaintiff's Complaint and requires dismissal with prejudice. Plaintiff's sole claim against BMO Harris is that it violated 12 CFR § 1024.41(f)(2) of the Real Estate Settlement Procedures Act ("RESPA") because it initiated a foreclosure action while a loss mitigation application was pending. This claim fails as both a matter of fact and law because 12 CFR § 1024.41(f)(2) does not apply to Plaintiff's loan and should be dismissed as a matter of law.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As shown below, Plaintiffs do not meet the standards necessary to sustain any claims against BMO Harris.

## STATEMENT OF FACTS

As set forth in the Plaintiff's Complaint, Plaintiff executed a home equity line of credit agreement (the "Agreement") and mortgage in favor of Defendant BMO on April 19, 2006, on the property commonly known as 4308 Central Ave, Western Springs, IL 60558 (hereinafter "subject property"). (Compl. ¶ 5; *see* Agreement attached as Exhibit A[1].) The defendant also alleges that "sometime prior to July 2017, Defendant referred Plaintiff's loan account to foreclosure counsel." (Compl. ¶ 23.)

## ARGUMENT

**Plaintiff's Sole Claim Alleging a Violation of RESPA Should Be Dismiss Because There Was No Violation of RESPA**

Plaintiff contends "Plaintiff's mortgage with BMO was a federally related mortgage as defined under the Real Estate Settlement Procedures Act ("RESPA"), 12 CFR § 1024.2(b)" (Compl. ¶ 4) and, as such, she is entitled to certain protections under 12 CFR § 1024.41(f)(2). That is simply not true. 12 CFR § 1024.31 provides that, for Subpart C of RESPA, which governs 12 CFR § 1024.41(f)(2), a mortgage loan "means any federally related mortgage loan, as that term is defined

---

[1] The Court may take judicial notice of the Agreement because it is critical to the Complaint and referred to in the Complaint. *Wright v. Associated Ins. Cos. Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be . . . in ruling on the motion to dismiss."); *Abbas v. RBS Citizens Nat. Ass'n,* No. 11 C 8379, 2012 WL 1932690, at *1 (N.D. Ill. May 29, 2012) ("In evaluating a motion to dismiss, the court must consider . . . documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.") (citations and quotation marks omitted).

in § 1024.2 subject to the exemptions in § 1024.5(b), ***but does not include open-end lines of credit (home equity plans).***" (emphasis added).

The Consumer Financial Protection Bureau ("CFPB") has made clear on several occasions that 12 CFR § 1024.41(f)(2) does not apply to open-ended home equity lines of credit like the Plaintiff's loan. *See* CFPB's Mortgage Servicing Coverage Chart, https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/cfpb_mortgage-servicing-coverage-chart.pdf (last visited Oct. 1, 2018). In the Real Estate Settlement Procedures Act (Regulation X) and Truth in Lending Act (Regulation Z) Mortgage Servicing Rules Small entity compliance guide (the "Guide"), the CFPB makes clear that the Loss Mitigation rules, including 12 CFR § 1024.41(f)(2), "do not apply to: HELOCs and open-end lines of credit." Guide at p. 149, https://files.consumerfinance.gov/f/documents/201611_cfpb_Mortserv_guide_v3.pdf (last visited Oct. 1, 2018).

Plaintiff's complaint has one cliam—BMO violated 12 CFR § 1024.41(f)(2). That claim and, therefore, her entire complaint fails as a matter of law and fact because 12 CFR § 1024.41(f)(2) does not apply to her loan. Moreover, because this failure cannot be cured, *i.e.* her loan cannot be changed from an open-ended loan to a closed-ended loan, it should be dismissed with prejudice. *See Mitter v. Cty. of DuPage*, No. 13 C 841, 2013 WL 5951810, at *6 (N.D. Ill. Nov. 7, 2013); *Heabler v. Madigan*, No. 12 C 6193, 2013 WL 5405679, at *8 (N.D. Ill. Sept. 24, 2013) ("[B]ecause the ground for dismissal is not a defect that repleading will cure, the dismissal is with prejudice."); *Reid v. Rd. Ranger, LLC*, No. 12C50388, 2013 WL 1966639, at *2 (N.D. Ill. May 13, 2013) ("Defendant's motion to dismiss is granted with prejudice, as it is apparent there is no repleading that could cure the deficiency in the complaint.").

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint against Defendant BMO Harris Bank N.A. with prejudice for failure to state a claim upon which relief

3